## PORTER v. CAROLIN.

(*Supreme Court, General Term, First Department.* November 23, 1888.)

CHARITIES—BEQUESTS TO CHARITABLE SOCIETIES—POWER TO TAKE.

    A charitable society incorporated under Laws N. Y. 1852, c. 250, and not subordinated to Laws 1848, c. 319, § 6, as amended by Laws 1860, c. 360, which provides that charitable societies shall be incapable of taking bequests when the will is not executed at least two months before the death of the testator, may take a legacy, though the will was not executed two months before the testator's death.

Case submitted on agreed statement.

Action by Margaret Porter against Michael Carolin, executor. The cause was submitted under an agreed statement of facts, under Code Civil Proc. N. Y. § 1279.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Edward D. McCarthy,* for plaintiff.   *David McClure,* for defendant.

DANIELS, J. This case presents for decision the legal disposition which should be made of certain clauses contained in the will of Ellen Bonner, deceased. She made her will on the 2d day of March, 1886, and died on the 1st day of April following. By this will she bequeathed to the Home of the Aged of the Little Sisters of the Poor of the City of New York the sum of $500; to the Mission of the Immaculate Virgin, located at Layfayette place and Great Jones street, in the city of New York, $2,000; to St. Joseph's Home for Aged and Destitute Women, located on West Fifteenth street, the sum of $500. Each of these legatees was formed and incorporated under chapter 319 of the Laws of 1848, and the acts amendatory thereof; and by section 6 of the act of 1848, even as that has been amended by chapter 360 of the Laws

of 1860, they were incapable of taking these bequests, because of the fact that the will was not executed at least two months before the death of the testatrix. Upon this subject no substantial disagreement has been presented by the arguments in the case. By the sixth paragraph of the will the testatrix bequeathed to the Roman Catholic Orphan Asylum in the City of New York the sum of $500. This legatee was created and incorporated by chapter 250 of the Laws of 1852; and neither in its creation, nor at any time since then, has its powers or authority been subordinated to the act of 1848, or either of the laws amending that act. The only general law to which it has been subjected is that contained in title 3 of chapter 18 of the first part of the Revised Statutes, and that title has no such restriction as this in the act of 1848; and, this restriction being inapplicable to it, the legatee is entitled to take this legacy, notwithstanding this general provision of the act of 1848. The effect of that act, under circumstances entirely analogous, was considered in *Hollis* v. *Drew*, 95 N. Y. 166, where it was held that corporations created by the laws of other states were not affected by the restriction or limitation, for the reason that they were not under the act of 1848; and, as this corporation was not formed under or subject to that act, this decision is a direct authority in favor of its right to take and receive this legacy. The same rule was applied and followed in *Harris* v. *Society*, 33 Hun, 411; and these decisions are not in conflict with anything contained in *Lefevre* v. *Lefevre*, 59 N. Y. 435. In that case a legatee, whose legacy was in controversy, was incorporated under chapter 244 of the Laws of 1849, which by its fourth section subordinated the powers of the society to receive property by gift or devise to the restrictions provided in the general law for the incorporation of religious and benevolent associations. And it was on that account only that it was held to be within the act of 1848, and incapable of taking the legacy intended to be given to it. That decision, accordingly, has no application to this case, but it is governed by the other authorities; and, not being subject to the act of 1848, the legatee is entitled to this sum of $500.

The residuary clause in the will giving the rest, residue, and remainder of the estate to the executors in trust, to expend the same for masses for the repose of the souls of the testatrix and her husband, is not now presented as a legal direction. Whatever doubt might otherwise exist concerning it has been removed by the case of *Holland* v *Alcock*, 108 N. Y. 312, 16 N. E. Rep. 305. It is there held that such a direction cannot be carried into effect, and for that reason it is conceded by the counsel that this clause of the will is not to be maintained. Judgment should therefore be directed in the case adjudging the fourth, fifth, seventh, and fourteenth paragraphs of the will to be unlawful, and sustaining the legacy given to the Roman Catholic Orphan Asylum in the City of New York for the sum of $500 by the sixth clause of the will.

VAN BRUNT, P. J., and BRADY, J., concur.